IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH COPELAND, JR.,**

       **Plaintiff,**                                   Case No. 2:09-cv-589
                                                            JUDGE GREGORY L. FROST
      **v.**                                           Magistrate Judge Terence P. Kemp

**SHERIFF JIM KARNES, et al.,**

       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Consolidate. (Doc. # 13.) Plaintiff filed notice with the Court that he does not oppose consolidation. (Doc. # 15.) For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I. Background

Plaintiff Joseph Copeland, Jr. is incarcerated at the Franklin County Correction Center. In his complaint he alleges that, on February 20, 2009, Deputy Joseph Cantwell and Deputy Phillip Barnett were distributing bologna sandwiches to the inmates at the Correction Center. These two deputies allegedly forced another inmate, Todd E. Triplett, to place his penis on one of the bologna sandwiches and took a photograph. These two deputies then allegedly served the sandwich to Copeland. While Copeland was eating the sandwich, these two defendants allegedly showed him the picture they had taken of Triplett's penis on the sandwich.

Both Triplett and Copeland sued these two deputies in separate state court actions. Triplett and Copeland also named as defendants, Sheriff Jim Karnes, the Franklin County Commissioners, and the County of Franklin, Ohio. Defendants removed both actions to this

Court. Copeland's case was assigned to the undersigned judge and Triplett's case, numbered 2:09-cv-603, was assigned to the Honorable Michael H. Watson.

On January 5, 2010, Defendants moved to have the two cases consolidated. On January 6, 2010, Judge Watson and the undersigned judge determined that the two cases were related and transferred the Triplett case to the undersigned judge's docket pursuant to the Local Rules of this Court. The issue is whether the cases should now be consolidated for pretrial and trial purposes.

Copeland filed notice with the Court that he does not oppose consolidation. Triplett, however, did oppose consolidation.

## II. Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides:

If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all of the matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

"Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . ." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

## III. Analysis

First, the Court finds that the Triplett case and the Copeland case involve common questions of law and fact. Second, the Court determines that a jury would not be confused if both cases were tried together; the members could easily keep the issues presented to them separated with the proper limiting instructions. Last, the Court finds that consolidation will

2

avoid possible inconsistent adjudications of common factual and legal issues as well as avoid unnecessary burden on parties, witnesses, and available judicial resources posed by multiple lawsuits.

Accordingly, the Court **GRANTS** Defendants' Motion to Consolidate.

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Consolidate.  (Doc. # 13.)  In all future filings, the parties are **DIRECTED** to designate the case captions associated with both cases on each document.  However, the parties need only file electronically in case number 2:09-cv-589 and when prompted indicate that there is a related case to which the document should be distributed.

**IT IS SO ORDERED.**

                                                **/s/ Gregory L. Frost**
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE